Minshall, J.
On an order of attachment, issued by a justice of the peace in a suit before him of Anson Sammis against Edward Goodrich, S. P. Towne, a constable, to whom the writ was directed, on September 19, 1891, levied the same on a stack of rye on the premises of Goodrich. The levy was made by laying his hands on the stack, and in the presence of witnesses declaring that he made the levy on it under his writ, as the property of Goodrich; and, after causing it to be appraised left the stack where he found it, by the direction of the plaintiff, and returned that he had duly attached it. No actual possession was taken of the property. After this the property was destroyed by fire, without the fault of the constable or attaching creditor. The property was claimed by Robert Sly, who afterwards, on September 19, 1892, commenced an action in the common pleas court against the constable and plaintiff in the attachment suit, to recover as damages the value of the property on the ground that by the levy of the attachment, the property had been converted to the use of the defendants, and he had been prevented from threshing it as he would have done before the ñre. The defendants claimed that no actual possession had been *517 . taken of the property; and that as a matter of law the property had not in fact been attached, the property not having been taken into the actual possession of the constable as required by section 6493, Revised Statutes. The issues having been made up, the case was tried to a jury, which rendered a verdict against the defendants for the sum of $124.58. A motion for a new trial was made, and overruled by the court, and exceptions taken by the defendants; and judgment was rendered on the verdict; which, on error, was affirmed by the circuit court. The principal errors assigned arise upon the charge of the court and on its refusal to charge as requested.
The court, among’ other things, was requested to charge the jury that:
“1. It is the duty of an officer, after he has attached property, to retain possession of it, he has no right to allow the property to remain in the possession of the defendant in the attachment; if, therefore, you find that Mr. Towne, after attaching the property in this action as the property of Goodrich, or that were in the possession of Goodrich, without appointing anyone to take charge of the same, and that he himself left said premises, and departed therefrom, such action on the part of the constable was an abandonment of the levy, and if thereafter, the property was destroyed by fire, there can be no recovery for such loss in this action.
“2. If the jury find from the evidence that the premises whereon the stack of rye in dispute is situate was in the possession of Goodrich; that, after the constable attached said stack as the property of Goodrich, he went away from said premises leaving said stack thereon, and never *518 thereafter asserted nor exercised any control over said stack, then in that case the jury have the right to find that the levy of said attachment was abandoned, and if thereafter, said stack was destroyed by fire, the said plaintiff cannot recover for said loss in this action.
“3. Even though the levy of the attachment upon the property in this action was wrongful and the same had not been abandoned prior to the destruction of the stack by fire, yet if the fire was not occasioned by such wrongful taking and was not caused by the defendants, or either of them, or was not caused by the negligence of them, or either of them then in that case there can be no recovery in this action, for such loss or for the value of said property.
“4. A levy of an attachment upon property belonging to one person as the property of another is wrongful, but if after such wrongful levy is made, the officer making the levy at the direction of the attaching creditor, does not retain the property m his custody, but leaves it upon the premises of the debtor, where the same was found, so that the said debtor, or the real owner could have taken possession of the same without the knowledge of said officer, or anyone representing him, and thereafter the property is destroyed by fire, the real owner of said property cannot, after said loss, elect to treat said wrongful levy as a conversion of said property. ’ ’
Each of these requests was refused, and the defendants excepted.
The court then charged the jury that:
“The only question for you to determine is that of the value of the stack of rye, and in determining that, the burden of proof is upon the plaintiff. *519 In determining this question, you will look at all the evidence, and will say by your verdict, what was the value of that stack of rye at the time this levy was made, on the 19th day of September, 1891.”
To which an exception was also taken by the defendants at the time and duly reserved.
In so charging and in refusing a number of the charges requested,-we think the court erred. The gist of the plaintiff’s action is a conversion of his property by the defendants, 'not negligence in the care of it. The conversion was, at most, a technical one, a dealing with the property of the plaintiff as if it were that of the judgment debtor. The property was not, in fact, converted; all the officer did was to place his hands on- the stack, saying, as he did so, that he attached it as the property of the attachment debtor. It was then left .where found. For this it will be conceded .the owner, Sly, had the right to treat the levy as a conversion of his property. The effect of such suit is to abandon the property to the wrongdoer, and, in consideration of this, the law gives to the plaintiff a recovery of its value. But the owner, whose property has been wrongfully intermeddled with, is not bound-to pursue this remedy. He has the election to do so, or recover the property in an action of replevin, based upon his title. Until he makes his election, by bringing a suit for conversion, the title remains in him; otherwise he could not at his election maintain replevin. In other words a mere intermeddling with another’s property in a way to deny his title, does not of itself divest his title. He may treat it as such by commencing an action for a conversion, but until this is done the title remains in *520 him. In this case the suit for conversion was not commenced until sometime after the fire, so that at the time of the fire the title to the stack of rye was in the plaintiff, and no negligence having been imputed to the defendants as the cause of the fire, the owner of the property, the plaintiff, at the time of the fire, must bear the loss in accordance with the maxim resperit domino. True the plaintiff says that, but for the levy, he would have threshed the rye before the fire, and that he was prevented thereby from doing so. This must be considered in connection with the undisputed facts. He was no party to the proceeding in attachment, and the levy could not, therefore, like an injunction, in any way restrain him from exercising his rights of ownership. The actual pos- ■ session not being disturbed, he had the same right and ability to take care of his property that he had before the levy; and if he failed to do so it was his own fault. The levy,° as made, did not deprive him of the right nor make it unlawful for him to do so. If he were the owner of the property as claimed, he would be liable to no one for dealing with it as he pleased, notwithstanding the levy.
If the property had been taken into the actual custody of the officer and so as to deprive the owner of any control over it, a different rule of liability might apply. In such case there would be much reason for holding that, irrespective of the question of care, the officer having wrongfully deprived the owner of the care of .his property, should be liable for its loss from any cause, other than the act of God or public enemies; for, in such ease, but for the wrong, the loss might not have occurred. But as between the officer and *521 the creditor or the debtor in the attachment suit, it seems -well settled that the officer is not liable for the destruction of the property while in his custody by fire or other means, unless guilty of a want of ordinary care. Swan’s Treatise, 16th Ed. 291; Story on Bailments, 2d Ed., section 132; Crocker on Sheriffs, 3d Ed., section 448 and section 855. This rule is placed by Story on the ground that the officer is a bailee for hire and' should not be held to a greater nor less degree of liability than is required by the common rule in such cases — ordinary diligence. But as to a third person, whose property has been wrongfully taken under the writ, the reason does not seem to apply. As to such person he would seem to be a wrongdoer, and not a bailee of any kind. But this question is left undecided; and the decision placed on the grounds before indicated — that the owner was not in fact deprived of the custody of his property, nor of the title thereto by the levy; and the fire not being referrable to the levy, nor to any want of care on the part of the officer, the loss occasioned by the fire fell to the owner of the property.
A question might also be raised as to whether there was any attachment of the property in fact, the property not having been taken into the actual custody of the officer as required by section 6493, Revised Statutes, And see Shinn on Attachment and Garnishment, section 244; Drake on Attachment, section 292a; Waple on Attachment, 175. It was on this ground that, in Root v. Railroad Company, 45 Ohio St., 227, it was held that the property sought to be attached in that ease, had not been attached as against the subsequent levy of a judgment creditor. But it is not neces *522 sary to decide this question here; for although it was held that, for the purposes of an attachment, such custody was taken as the nature of the property would permit, yet it was not such as precluded or hindered the owner from taking care of it himself. At the time of the fire he claimed to own the property, and did in • fact own it, having as yet commenced no suit for the conversion of it.
He does not even claim that, by reason of the levy, he had become remiss in caring for it. And such claim, if true, would, for reasons before stated, be of no avail in an action for conversion commenced after the fire. It is fair to presume from his claim of ownership that he took the same care of the property after the levy as before; and, in bringing this action simply seeks a double advantage; ,or in the language of the. old adage “seeks to have his cake and eat it too.”
The court then erred in charging the jury that the only question for it to determine was the value of the stack of rye. There was the question as to the actual ownership of the property; whether any levy had in fact been made that bound the property in attachment; and if so, whether such custody and control had been taken by the officer as to hinder the plaintiff from taking care of it. This we think was so radically wrong as to require' a reversal of the judgment whether any of the particular requests of the defendants should have been given or not.
But we are of opinion that the fov/rth request should at least have been given: The gist of this instruction is that conceding the attachment to have been wrongful, yet if, by it the owner was not deprived of the care and custody of his property he could not maintain an action for *523 the conversion of it commenced after -its loss by fire. This is in accordance with the view we have taken of the law applicable to the case.
And on the question whether the property had in fact been attached the first instruction asked and refused properly stated the law applicable thereto.

Judgment reversed and new trial moan-ded.